# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SADIE PATTERSON,**

                                  **Plaintiff,**

**-vs-**                                                       **Case No.  6:05-cv-1758-Orl-31DAB**

**WORLDWIDE MUSIC, INC. & JIMMY
HICKS, JR.,**

                                  **Defendants.**

_____

## ORDER AND REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT AS TO DEFENDANT WORLDWIDE MUSIC, INC. (Doc. No. 12)** |
| **FILED:** | **May 16, 2006** |
| _____ | |
| **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice. | |

       Plaintiff seeks entry of a default (presumably, a clerk's default, as opposed to entry of a default judgment), asserting that the Defendant Worldwide Music, Inc. has failed to appear, despite service. A default is not warranted on this record.

       It is axiomatic that the Court can only enter judgment against a party properly before the Court and, assuming that the Court has jurisdiction over the action and the parties, that is accomplished through appropriate service of process or waiver of same.  The Complaint asserts that "upon

information and belief," this Defendant is an entity "recognized and/or organized under the laws of Texas," with a principal place of business at 17421 Village Green Drive in Houston (Doc. No. 1). According to Rule 4(h), Federal Rules of Civil Procedure, service upon a corporation shall be effected pursuant to the law of the state in which the district court is located, or in which service is effected, or by delivering a copy of the summons and the complaint "to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . ."

The Affidavit of Service filed in this case indicates that corporate service was accomplished by serving "Mr. Hughes as owner" at 7350 Senate Drive in Houston.  The Court notes that this is not the address provided in the Complaint.  It appears that Plaintiff has had considerable difficulty in locating the corporate defendant, and eventually found a "potential alternative address" for the Alias Summons (Doc. No. 9 at 2).  There are no documents provided sufficient to confirm that this is, in fact, the corporate address or the address of a registered agent or other agent authorized to accept service on the corporation's behalf.  Moreover, there is no identification as to "Mr. Hughes" sufficient to verify his position with the corporation.  Although he was served as "owner," a corporation does not have an "owner" *per se,* it is a legal entity unto itself, albeit with shareholders, officers and usually a board of directors.  While service on a corporate officer or registered agent may be sufficient, service on a mere shareholder would not be.  Here, Plaintiff provides no information suitable to verify that the corporation was properly served in accordance with either Texas or Florida law.  As such, a default is not warranted.

Further, this case was filed on November 23, 2005.  On April 25, 2006, the district court issued an Order to Show Cause as to why the case should not be dismissed for failure to prosecute pursuant to L.R. 3.10 and F.R.C.P. 4(m) (Doc. No. 8).  Plaintiff's response (Doc. No. 9) indicates that

Worldwide was served, albeit untimely, and the whereabouts of the co-Defendant are still unknown. As discussed above, the Court does not find that the belated service on Worldwide was proper, and thus, service does not appear to have been effected on either Defendant, despite the pendency of the suit for six months.  While the Court has discretion to enlarge the time limit for service upon a showing of good cause, the Court sees no such cause here.  Although Plaintiff's counsel asserts that he was unable to serve these Defendants, it is not clear to the Court why service on a corporation proved to be so difficult.  Information on the corporation (including the name and address of the registered agent) is readily available in the public records, and there is no showing that the corporation has dissolved or was otherwise eluding service.

It is **respectfully recommended** that the case be dismissed, without prejudice, for failure to effect timely service.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** and Recommended in Orlando, Florida on May 31, 2006.

_David A. Baker_

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

-3-